November 6, 1978

### 78-97 MEMORANDUM OPINION FOR THE ASSISTANT TO THE PRESIDENT FOR DOMESTIC AFFAIRS AND POLICY

### Enrolled Bills—Effect of Order of Approval by the President—Revenue and Energy Tax Acts of 1978 (26 U.S.C. § 46)

This responds to the inquiry of your office concerning the effect of the President's contemplated order of signing on provisions of the Revenue Act of 1978 (Revenue Act) and of the Energy Tax Act of 1978 (Energy Act) relating to the 10 percent investment tax credit on certain depreciated property. Because the Revenue Act extends the 10 percent rate indefinitely by rewording § 46(a) (2) (B) of the Internal Revenue Code of 1954, 26 U.S.C. § 46(a) (2) (B) (1976), which Congress had already amended in the Energy Act, the President's approval of the two bills in either order will necessarily result in the revision of § 46(a) (2) (B), as provided in the Revenue Act, and will extend the 10 percent credit indefinitely. (A chart is appended to this opinion to facilitate understanding of the successive revisions of the Internal Revenue Code.)

Section 38 of the Internal Revenue Code of 1954, 26 U.S.C. § 38 (1976), provides for an investment tax credit with respect to certain depreciable property. The amount of the credit allowed is determined by § 45 of the Code. As originally enacted in 1954, the general rate permitted for qualified property was 7 percent. 28 U.S.C. § 46(a) (1) (current version at 26 U.S.C. § 46(a) (2) (1976)).

In 1975, Congress amended § 46 to raise temporarily the general investment tax credit from 7 percent to 10 percent. Tax Reduction Act of 1975, § 301(a), Pub. L. 94-12, 89 Stat. 26, 36 (1975). Under "transitional rules" added to § 46 by § 301(a) of the 1975 Act, 26 U.S.C. § 46(a) (1) (D) (current version at 26 U.S.C. § 46(a) (2) (D) (1976)), the 10 percent credit applied, in general, to qualified investments made prior to January 1, 1977.

In 1976, Congress enacted a major revision of § 46. Subsection 46(a) (1) (D) became § 46(a) (2) (D), and was amended to extend the general 10 percent credit to qualified investments made prior to January 1, 1981. Tax Reform Act of 1976, § 802(a), Pub. L. 94-455, 94 Stat. 1520, 1580 (1976).

On October 14, 1978, both Houses of Congress passed a conference-approved version of the Energy Tax Act of 1978, H.R. 5263, 95th Cong., 2d sess. Section 301(a) of the bill again effects a major amendment of § 46, but its version of subsection 46(a) (2) (D), which would become § 46(a) (2) (B), would still result in a drop of the regular business investment credit rate from 10 percent to 7 percent on December 31, 1980.

Congress several hours later again amended § 46 in passing the Revenue Act of 1978, H.R. 13511, 95th Cong., 2d sess.[1] Under § 311 of the Revenue bill, § 46 of the Code would be further amended to create a general tax credit rate of 10 percent with no time limitation. Section 311 accomplishes this purpose by rewording § 46(a) (2) (B), as already amended by the Energy Act, to eliminate any time limit on the extension of the 10 percent rate.

That Congress, in enacting the Revenue Act, both recognized and intended to amend further the amendment of § 46(a) (2) (B) as enacted in the Energy bill is clear from the way in which § 311 of the Revenue Act describes § 46(a) (2) (B). Section 311 reads:

> (A) 10-PERCENT INVESTMENT CREDIT.—Subparagraph (B) of section 46(a) (2) (defining regular percentage) is amended to read as follows:
>
> (B) REGULAR PERCENTAGE.—For purposes of this paragraph, the regular percentage is 10 percent.

The reference in § 311 to "Subparagraph (B) of section 46(a) (2) (defining regular percentage)" makes sense only if the Energy Act has already amended 46(a) (2) (B) because, without the amendment effected by the Energy Act, § 46(a) (2) (B) would not define regular percentage, as indicated in § 311. Currently, without the Energy Act in force, § 46(a) (2) (B) as revised in 1976 discusses credit allowances in excess of the 10 percent rate, a wholly different subject. Section 311 is sensible only if Congress considered and intended to amend the amendment to § 46 it had already passed in the Energy Tax Act. This conclusion is buttressed by other sections of the Revenue Act that refer expressly to the Energy Tax Act of 1978.[2]

Regardless of the order in which the President signs the two Acts passed by Congress on October 14, 1978, a court subsequently construing them will be bound by two elementary principles: statutes are to be interpreted, so far as possible, to give effect to the intent of the legislature; statutes *in pari materia*,

---

[1]As indicated by the Congressional Record, 124 Cong. Rec. D1564, D1567, D1573, D1575 (daily ed., Oct. 14, 1978), each House passed the Revenue Act subsequent to its own approval of the Energy Tax Act. Were the relevant provisions of the acts in conflict, application of the general rule that where statutes *in pari materia* are absolutely repugnant, the one passed later will prevail, Sutherland, *Statutes and Statutory Construction* §§ 23.17, 51.03 (4th ed. 1972), would still lead to the conclusion that the Revenue Act would control.

[2]*See, e.g.,* the technical amendment effected by the Revenue Act of 1978, § 311(c) (2).

especially when enacted closely in time, are to be interpreted, so far as possible, to avoid a contradiction between them. We conclude that the intent of Congress as manifested in the language of the Revenue bill and as evidenced in identical paragraphs of the committee reports on the Revenue Act of 1978, S. Rept. 95-1263, 95th Cong., 2d sess. 112 (1978); H. Rept. 95-1445, 95th Cong., 2d sess. 62 (1978), to extend permanently the 10 percent investment tax credit rate, requires an interpretation of both bills that would extend the 10 percent rate indefinitely. The President, by signing the Revenue Act first, is incapable of altering Congress' clearly expressed meaning.[3]

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3]A contrary result would be inconsistent with the legislative role delegated by the Constitution entirely to Congress.

| Legislation | Regular Rate of Investment Tax Credit Provided | Time Limit | Section In Which Time Limit Appears | How Amendment to Time Limit Is Accomplished |
|---|---|---|---|---|
| Internal Revenue Code of 1954 | 7 percent (26 U.S.C. §46(a) (1)) | None | —— | —— |
| Tax Reduction Act of 1975 | 10 percent | Investments made prior to 1-1-77 | 26 U.S.C. §46(a) (1) (D) | Transitional time rules inserted in new §46(a) (1) (D). |
| Tax Reform Act of 1976 | 10 percent | Investments made prior to to 1-1-81 | 26 U.S.C. §46(a) (2) (D) | §46(a) (1) (D) moved to §46(a) (2) (D); dates changed to conform to extended time limit. |
| Energy Tax Act of 1978 | 10 percent | Investments made in period ending 12-31-80 | 26 U.S.C. §46(a) (2) (B) | Transitional rules eliminated; time limits embodied in entirely rewritten version of §46(a) (2) (B). |
| Revenue Act of 1978 | 10 percent | None | —— | §46(a) (2) (B) rewritten to abolish time limit on 10 percent rate and reversion to 7 percent rate. |

## EXTENSIONS OF THE 10 PERCENT REGULAR RATE INVESTMENT TAX CREDIT